UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARA CALHOUN, | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-01358 (WWE) |
| v. | ) | |
| CITY OF HARTFORD and ROBERT MURTHA, | ) ) | |
| Defendants | ) | September 13, 2016 |

## **LOCAL RULE 56(a)(1) STATEMENT**

Pursuant to Local Rule 56(a)(1), the defendant Robert Murtha hereby respectfully submits his Statement of Material Facts as to which there is no genuine issue.

1. On August 23, 2013, the Plaintiff and her boyfriend, Josh Kauffman, together with two of the Plaintiff's friends, Dana Hammon and Rebecca Dobrouch, had an evening out. They started with dinner at the Plan B restaurant in Glastonbury, Connecticut and then went into Hartford to attend a block party outside the Russian Lady bar. March 3, 2015 Deposition of Sara Beth Calhoun, p. 40 (hereafter in the form "Deposition, p. 40.").

2. After parking in Hartford, the group walked approximately a block, and paid to enter a block party area. After paying to enter the block party, the Plaintiff handed her license, debit card, and a little cash to her boyfriend, Josh Kauffman, to hold. The group then entered the Russian Lady bar at approximately 10:00 or 10:30 p.m. Deposition, pp. 43-44, 46.

3.     The Plaintiff described a hot summer night in the area of the block party, where it was "pretty crowded" and a lot of people were outside. Deposition, pp. 44, 45, 53.

4.     At approximately 12:30 a.m., Josh became involved in a dispute with the friend of a friend, whom Josh believed had stolen approximately $7.00 from him earlier in the year.  Deposition, pp. 44, 51-52.

5.     The individual told Josh he had no idea what Josh was talking about.  As the argument got louder, a bouncer approached Josh from behind and grabbed him.  Deposition, pp. 53-54.

6.     Josh appeared to throw a punch or a shove after he was grabbed, and Josh ended up on the ground with a number of Hartford police officers around him.  Deposition, 54-56.

7.     The Plaintiff believed it was appropriate that her boyfriend should have left the block party. Deposition, p. 55.

8.     The Plaintiff had no problem with the idea that Josh should have been thrown out.  Deposition, p. 57

9.     The Defendant Officer Murtha had been involved in the arrest of the Plaintiff's boyfriend.  Deposition, p. 61.

10.    While Josh was being handcuffed, the Plaintiff saw Officer Murtha kick Josh.  Deposition, p. 95.

11. At that time, she screamed at the police officers that they were hurting Josh. Deposition, pp. 95-96.

12. The Plaintiff's boyfriend had been moved around the corner and was being searched by a Hartford police officer when the Plaintiff and her friend caught up to him. This was an area of police activity, separate and distinct from the block party. Deposition, p. 74.

13. After locating one of her friends, the Plaintiff and her friend, Dana, found the area around the corner where Josh had been taken by the Hartford police. Josh was being searched by one officer while several others stood by. Deposition, pp. 65-66.

14. The Plaintiff and her friend approached the officers and told them that Josh had the Plaintiff's license and debit card, which they needed. The officer searching Josh stated, "that's fine, I'll get it" and the Plaintiff and her friend waited against a building across the lot or street approximately 10 feet from where Josh was being searched. Deposition, pp. 67-68.

15. Officer Murtha, with a cut on his forehead and blood dripping from his forehead, then approached the Plaintiff and her friend and stated, "You better get out of here you fat bitch." Deposition, pp. 70-71.

16. Although the Plaintiff understood Officer Murtha to mean that she was to leave, to go away from the area where Josh was being searched, the Plaintiff did not leave. Deposition, pp. 74-75,

17. The Plaintiff and her friend said that they were just trying to get the Plaintiff's license and debit card, and that the searching officer was going to get it for her. Deposition, p. 72.

18. Officer Murtha then said, "What the fuck did I just say to you, you slut whore?" Deposition, p. 72.

19. The Plaintiff indicated that she could write him up and press charges against him for this. The Plaintiff took out her cell phone and started writing his name in it. Officer Murtha ran up to her, grabbed the phone, looked at it and threw it. After saying, "Fuck this. You're getting arrested," Officer Murtha grabbed her arm, swung her around, and handcuffed her. Deposition, pp. 72-73.

20. After Officer Murtha had twice told the Plaintiff to leave and she had not left, he placed her under arrest. Deposition, pp. 75-76.

21. The alleged excessive force happened very quickly. Deposition, p. 78.

22. The Plaintiff did not feel pain when Officer Murtha grabbed her and turned her around; the pain started only when Officer Murtha put the handcuffs on her. Deposition, p. 78.

23. As soon as Officer Murtha put the handcuffs on her, the Plaintiff felt immediate, shooting pain that turned to a straight throbbing pain. Deposition, p. 78.

24. The Plaintiff did not say anything at that moment, or before being put in a police van, about her wrist hurting or being injured. Deposition, pp. 78-79.

25. In the police van, the Plaintiff told her boyfriend that her wrist really hurt, but she did not tell any of the officers in the van. Deposition, pp. 79-80.

26. An hour or two later, while being fingerprinted, the Plaintiff complained about her wrist pain but she did not ask for medical attention. Deposition, pp. 83-84.

27. The only time the Plaintiff complained about her pain was when her thumb was rolled. She did not say anything when other four fingers were printed. Deposition, p. 84.

28. The Plaintiff stated that "it really hurts" but never said it was her wrist that hurt. Deposition, p. 85.

29. After being processed at the Hartford police department, the Plaintiff and her boyfriend returned home at approximately 3 a.m. A couple hours later, the Plaintiff went to the Middlesex Hospital Emergency Room in Marlborough for x-rays and was told she had a sprain. Deposition, p. 88.

30. When her wrist was no better after a week, her primary care doctor sent her for additional x-rays which showed a fracture. Deposition, p. 89.

DEFENDANT ROBERT MURTHA,

/s/William J. Melley III
William J. Melley III
Federal Bar No. CT 06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax: (860) 247-9944
Email: wjmelley@wjmelley.com

UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARA CALHOUN, | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-01358 (WWE) |
| v. | ) | |
| CITY OF HARTFORD and ROBERT MURTHA, | ) ) | |
| Defendants | ) | September 13, 2016 |

## CERTIFICATE OF SERVICE

    I hereby certify that on September 13, 2016 a copy of the foregoing Local Rule 56(a)(1) Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/William J. Melley III
William J. Melley III
Federal Bar No. CT 06355
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933/fax: (860) 247-9944
Email: wjmelley@wjmelley.com

7