# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SARA CALHOUN,　　　　　　　　　　　　No. 3:15cv1358 (WWE)
　　　　Plaintiff,

v.

ROBERT MURTHA and
CITY OF HARTFORD,
　　　　Defendants.

## RULING ON CITY OF HARTFORD'S
## MOTION FOR SUMMARY JUDGMENT

　　　　The genesis of this action is the arrest of plaintiff Sara Calhoun by defendant Hartford Police Officer Robert Murtha. Against defendant Murtha, plaintiff alleges an alleged violation of her constitutional right to be free from excessive force pursuant to 42 U.S.C. § 1983, and state law claims of false imprisonment, assault and battery, negligent assault and battery, and negligent infliction of emotional distress. Against defendant City of Hartford, plaintiff asserts claims pursuant to Connecticut General Statutes § 7-465 and 7-101a for indemnification; and for damages caused by the negligence of Murtha pursuant to Connecticut General Statutes § 52-557n. Plaintiff alleges that she is entitled to compensatory and punitive damages from defendants.

　　　　In a ruling dated May 4, 2018, this Court denied a motion for summary judgment filed by defendant Murtha. Defendant City of Hartford has filed a motion for summary judgment on plaintiff's claims for indemnification and for damages based on Murtha's negligence. Defendant also seeks entry of summary judgment on the request for punitive damages.

　　　　Plaintiff does not contest that summary judgment should enter on her count

1

alleging Section 7-101a as a direct cause of action for indemnification and her request for punitive damages.

## BACKGROUND

The parties have submitted statements of undisputed facts, exhibits and supporting materials that reveal the following undisputed facts. The Court assumes familiarity with the facts comprising the factual background of this Court's prior ruling dated May 4, 2017. The Court incorporates such factual background herein and adds the following relevant facts.

All police officers for the City of Hartford have received training while attending the Police Training Academy prior to being sworn in as police officers. The training curriculum satisfies the requirements of the State of Connecticut's Police Officers Standards Training Council ("POST"). The City of Hartford requires that its police officers attend job-related training and continuing education. All police officers receive training in the use of force, handcuffing, report writing, lawful arrests, probable cause and search and seizure. This training is mandated and approved by POST. Training required by POST is adequate and consistent with generally accepted police practices on a local and national level.

Defendant Murtha was appropriately trained in accordance with accepted police practices on the use of less-lethal force, handcuffing procedure, search and seizures, probable cause, laws of arrest and on all topics in which plaintiff's expert has an opinion. Defendant Murtha's decision to arrest and handcuff plaintiff on August 24, 2013, was within his discretion.

In its prior ruling denying defendant Murtha's motion for summary judgment, the Court found that the question of whether the amount of force used was excessive or objectively reasonable remained a question for the jury; that factual questions concerning the circumstances of defendant Murtha's use of force precluded entry of summary judgment on the basis of qualified immunity; and that factual questions concerning the circumstances of plaintiff's arrest precluded entry of summary judgment on her claims for false imprisonment, assault and battery, negligent assault and battery, and negligent infliction of emotional distress.  The Court noted that Municipal employees enjoy qualified immunity from state law tort liability based on unintentional conduct related to the performance of governmental or discretionary acts, but that a reasonable jury could find that the instant plaintiff falls within the identifiable person, imminent harm exception to discretionary act immunity.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for her. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Defendant argues that summary judgment should enter on plaintiff claims pursuant to Sections 7-465 and 52-557n, because Officer Murtha's conduct in arresting and handcuffing plaintiff is protected by the law of governmental discretionary immunity. Defendant asserts that plaintiff should not be entitled to the exception to the doctrine of governmental immunity because she failed to plead such exception in her complaint. However, the Court has already found that a reasonable jury could find that plaintiff was entitled to the identifiable person-imminent harm exception to discretionary act or

4

qualified immunity.  Defendant's contention that plaintiff was required to plead an exception to discretionary or qualified immunity appears to be based on state law.  The Connecticut Rules of Civil Procedure require that a "[m]atter in avoidance of affirmative allegation in an answer or counterclaim shall be specially pleaded in the reply." Conn. Rules § 10-57.  By contrast, the Federal Rules of Civil Procedure do not require that plaintiff file a reply.  See Fed. R. Civ. Pro. 7(a).  Accordingly, the Court will deny the motion for summary judgment as to plaintiff's claims pursuant to Sections 7-465 and 52-557n.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. #75] is GRANTED in part, and DENIED in part.  The Court GRANTS summary judgment on the claim alleging Section 7-101a as a direct cause of action for indemnification and her request for punitive damages; the Court DENIES summary judgment on the claims pursuant to Sections 7-465 and 52-557n.

Within 14 days of this ruling's filing date, plaintiff is instructed to amend her complaint consistent with this ruling.

Dated this 17th day of January, 2018 at Bridgeport, Connecticut.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge